

CCMSI

March 27, 2020

Terry Grassaree
5087 Sandyland Rd.
Macon, MS 39341

RE:   Elizabeth Layne Reed v. Vance Phillips, Damon Clark, Terry Grassaree, and Noxubee County, Mississippi; CA No. 3:20-CV-110-DPJ-FKB;
United States District Court, Southern District of Mississippi

Dear Mr. Grassaree:

Mississippi Association of Supervisors Insurance Trust ("the Trust") has received a copy of the Complaint in the above-referenced civil action. This second letter regarding coverage is to clarify any confusion that may have arisen in our first letter by addressing all of the defendants. We must advise you that there is NO coverage for the claims asserted against you. Therefore, you will need to hire your own counsel to represent you at your own expense. Our understanding is that Robert Dambrino has entered an appearance on your behalf solely in order to obtain additional time for you to answer or otherwise respond. He will henceforth no longer be able to represent you in this action.

FACTS

Plaintiff claims that she was wrongfully incarcerated in Noxubee County jail for more than four years as a pretrial detainee. She was arrested and charged with capital murder. However, she was released from jail on November 18, 2019, because "the district attorney conceded that there was evidence that Reed and three co-defendants were innocent of the crime." (Compl., ¶ 10) She alleges that for a two-year period while in Noxubee County jail, she was coerced or had "extreme coercion exerted" on her during incarceration to have oral sex and sexual intercourse with Defendants Phillips and Clark." (Compl., ¶ 17). She claims there was a "long-term sexual relationship with Defendant Phillips." (Compl., ¶ 13). Other unnamed deputies made lewd comments and sexually harassed her by fondling her.

She claims that Sheriff Grassaree engaged in months of "sexting" with Reed during her incarceration. He required her to send him sexually explicit photographs and videos. Plaintiff claims that she conceded to the "extreme coercion" because of her desire to lessen the harshness of her undeserved incarceration. In exchange for these sexual favors and sexting,

**Exhibit A**



Plaintiff claims that she was allowed to keep her cellular telephone, cigarettes and other privileges.

Plaintiff's Complaint contains two counts. Count one asserts individual liability against Phillips, Clark, and Grassaree. She asserts violations of the Eight and Fourteenth Amendments. The second count is levied only against Noxubee County. In the second count, Plaintiff alleges that Noxubee County is liable for the wrongful conduct of all of the Defendants because the "widespread constitutional violations existed for so long that knowledge and acceptance of the practice by the policymaker may be properly inferred." (Compl., ¶ 26). She alleges Grassaree's participation in, knowledge of, and failure to correct the widespread practice constitutes an official policy of Noxubee County.

She seeks compensatory damages, attorney's fees and costs against all of the Defendants. Compensatory damages include damages for bodily injury and personal injury. Plaintiff also requests that she be awarded punitive damages against the individual Defendants.

THE APPLICABLE MASIT COVERAGE PROVISIONS
General Liability Cover, Section III
* * *
1.   COVERAGE AGREEMENT
A.   We will pay on behalf of the member all sums which the member shall become legally obligated to pay as damages because of bodily injury, property damage, personal injury, advertising injury, law enforcement activities (only if Law Enforcement Liability coverage is purchased as part of this policy and denoted in Declarations page; if a separate premium is not charged and paid for Law Enforcement Liability on the Declarations page for this coverage, then Law Enforcement Activities are not covered hereunder.) or wrongful act or employee benefits injury to which this Coverage Document applies.

* * *
2.   EXCLUSIONS
This coverage does not apply to:

A.   Bodily injury or property damage expected or intended from the standpoint of the member. This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property; or to the administration of corporal punishment.

* * *

**Cannon Cochran Management Services, Inc.**
PO Box 1378 • Ridgeland, MS 39158-1378
800-672-1108 • 601-899-0148 • Fax: 601-899-0160 • www.ccmsi.com

Exhibit A



P.   Personal injury or advertising injury

* * *

3. Arising out of the willful violation of a penal statute or ordinance committed by or with the consent or knowledge of the member; or

D.   WHO IS COVERED
For the purposes of the General Liability Cover, each of the following is a covered member:
A.   The Named Member

* * *

C.   Your employees and authorized volunteers but only for acts within the scope of their employment or as authorized by you.

D.   Any duly elected or appointed officials and members of your governing body within the scope and course of duties as authorized by you.

* * *

F. DEFINITIONS. Theses [sic] Definitions apply throughout this Coverage Document, regardless of Section:

* * *

G. Bodily Injury – means bodily injury, sickness or disease sustained by a person, including mental anguish or death from any of these.

* * *

T. Law Enforcement Activities – consist of any of the official activities or operations of the Named Member's sheriff's department or other public safety organization, other than a fire department, that enforces the law and protects persons or property, including

a) ownership, maintenance or use of a premises in order to conduct law enforcement activities or operations, including ownership or operation of the Named Member's jails, penal institutions, or similar facilities;

Cannon Cochran Management Services, Inc.
PO Box 1378 ● Ridgeland, MS 39158-1378
800-672-1108 ● 601-899-0148 ● Fax: 601-899-0160 ● www.ccmsi.com





\* \* \*

U. Law Enforcement Wrongful Acts - means any actual or alleged act, error or omission, neglect or breach of duty by any member.

1.  Which arises out of and is committed during the course and scope of Law Enforcement Activities, or

2.  Which arises out of the ownership, maintenance and use of Premises by the member for the purpose of conducting Law Enforcement Activities, and which result in personal injury, bodily injury or property damage.

\* \* \*

HH.  Personal Injury - means, injury, arising out of your business, other than bodily injury or advertising injury, arises out of one or more of the following offenses:

\* \* \*

6.  In the conduct of your law enforcement operations, personal injury also mean [sic] injury, other than advertising injury, arising out of any of the offenses listed above, or out, of any of the following offenses:
a.  Discrimination;
b.  Humiliation;
c.  False or improper service of process;
d.  Violation of property rights; or
e.  Violation of civil rights.

\* \* \*

PUBLIC OFFICIALS LIABILITY COVER, SECTION IV
A. COVERAGE
1.  The Fund will pay, on behalf of the member, loss resulting a wrongful act commencing on or after the Retroactive Date shown in the Declarations and before the end of the coverage period if a claim for such loss is first made against the member during the coverage period or Optional Extension Period, if applicable, but:
Cannon Cochran Management Services, Inc.
PO Box 1378 • Ridgeland, MS 39158-1378
800-672-1108 • 601-899-0148 • Fax: 601-899-0160 • www.ccmsi.com





\* \* \*

B. DEFINITIONS

\* \* \*

7.      Member means the Named Member and the Board of Supervisors as an entity and all persons who were or are now Trustees, Directors and members of the Board individually but only while acting within the scope of the person's duties as such. Member shall also mean a former or present employee and volunteer of the Named Member but only while acting within the scope of the person's duties as such.

\* \* \*

10. Named Member means the entity first named in the Declarations of this Coverage Document

\* \* \*

13. Wrongful act means: An actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duty by the member in the discharge of their duties, including but not limited to that injury to a person that results from any one or more of the following offenses: refusal to employ; termination of employment; demotion or failure to promote; negative evaluation; reassignment; discipline; defamation or humiliation based on discrimination directed at that person; coercing the person to commit an unlawful act or omission (within the scope of employment); work-related sexual harassment; or other work-related harassment because of race, color, national origin, religion, gender, marital status, age, sexual orientation, physical or mental condition or any other protected class or characteristic.

C.      EXCLUSIONS

1.      The Fund will not pay loss resulting from any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:...

\* \* \*





b.   Personal injury and advertising injury, however, this exclusion does not apply to employment related wrongful acts;

* * *

c.   Brought about or contributed to in fact by any dishonest, fraudulent or criminal wrongful act of a member.

d.   To the extent a member committed a wrongful act with actual knowledge of its illegality and with the sole illegal intent to cause harm to another, as determined in a final judgment by a court of last resort.

COVERAGE OF CLAIMS

The Claims against you are not covered for the following reasons:

1.   Philips and Clark are not Covered Persons because the claims against them were not "acts within the scope of their employment or as authorized by you." GL Cover D.C., p. 83. The allegation of coercion of sexual favors in exchange for cigarettes, use of a cellular phone and other favors are not acts within the scope of their employment.

2.   Likewise, as an elected official, Grassaree is not a Covered Person because the claims against him were not acts "within the course and scope of his duties" as authorized by the Named Member, Noxubee County. GL Cover D.D., p. 83. The allegation of coercion of sexually explicit photographs and videos in exchange for cigarettes, use of a cellular phone and other favors are not acts within the course and scope of his duties.

3.   The claims against Defendants Phillips, Clark, and Grassaree are also excluded. Even if they were "Covered Persons" under the GL Cover, the claims asserted against them for bodily injury would have been expected from the standpoint of the individual Defendants and therefore excluded. One would expect that coerced or forced sexual acts would cause bodily injury.

4.   The Personal Injury claims against Defendants Phillips, Clark, and Grassaree are excluded because the claims arise "out of the willful violation of a penal statute or ordinance committed by or with the consent or knowledge of the member." Miss. Code Ann. §97-3-104 (1) makes it a felony for any jailer, sheriff or law enforcement officer to commit any "sexual act" with an incarcerated person even if she gives consent. It states:

Cannon Cochran Management Services, Inc.
PO Box 1378 • Ridgeland, MS 39158-1378
800-672-1108 • 601-899-0148 • Fax: 601-899-0160 • www.ccmsi.com





(1)     It is unlawful for any jailer, guard, employee of the Department of Corrections, sheriff, constable, marshal, other officer, or employee of a law enforcement agency or correctional facility to engage in any sexual penetration, as defined in Section 97-3-97, or other sexual act with any offender, with the offender's consent, who is incarcerated at any jail or any state, county or private correctional facility or who is serving on probation, parole, earned-release supervision, post-release supervision, earned probation, intensive supervision or any other form of correctional supervision.

The actions alleged of Philips and Clark fall are offenses of "sexual penetration" and "sexual act(s)" excluding them from coverage for Personal Injury. The claims against Grassaree are offenses of "sexual act(s)" excluding him from coverage for Personal Injury.

5.      There is no coverage for Defendants Phillips, Clark, and Grassaree under the PO Cover. The definition of Member does not include other elected officials, such as Grassaree. To the extent Philips and Clark are employees of Noxubee County, the PO Cover could cover them only to the extent they were acting within the scope of their duties. As discussed above, the claims alleged are not claims for acts within the scope of their duties.

If you have any knowledge of any additional or different facts that you believe would alter any of the positions taken by the Trust as stated above, please contact the undersigned at your earliest convenience so that we may consider them.

Sincerely,



Kristie Price
Claim Technical Supervisor

cc:
Mary Ruth Shelton
Chancery Clerk-Noxubee County, MS
2832 Jefferson St.
Macon, MS 38341

Cannon Cochran Management Services, Inc.
PO Box 1378 • Ridgeland, MS 39158-1378
800-672-1108 • 601-899-0148 • Fax: 601-899-0160 • www.ccmsi.com





CCMSI

Eddie Coleman, Board President
Noxubee County Board of Supervisors
P O Box 147
Macon, MS 39341

Christopher Hemphill
Board Attorney
P O Drawer 1426
Columbus, MS 39703

Cannon Cochran Management Services, Inc.
PO Box 1378 • Ridgeland, MS 39158-1378
800-672-1108 • 601-899-0148 • Fax: 601-899-0160 • www.ccmsi.com



Exhibit A